UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:15-CV-00113-GNS

**ROY ANDERSON CARVER, JR.**                                                                 **PETITIONER**

V.

**JACKIE T. STRODE,**
**WARREN COUNTY JAILER**                                                                    **RESPONDENT**

## FINDINGS OF FACT, CONCLUSIONS OF LAW
## AND RECOMMENDATION

### BACKGROUND

Petitioner, Roy Anderson Carver, Jr. ("Carver"), proceeding *pro se* has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (DN 1). Because the original petition identified October 6, 1999, April 20, 2013, and April 26, 2015 as the dates on which he was sentenced, the District Judge ordered Carver to clearly indicate which conviction he is challenging in his § 2254 petition (DN 7). In compliance with the order, Carver filed an amended petition (DN 10). The Respondent, Jackie T. Strode ("Strode") filed a motion to dismiss or in the alternative, motion for extension of time (DN 24). Carver then filed a motion for summary judgment or, in the alternative, motion to vacate sentence and conviction, or motion for evidentiary hearing (DN 26).

The District Judge referred this matter to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(A) and (B) for rulings on all non-dispositive motions; for appropriate hearings, if necessary; and for findings of fact and recommendations on any dispositive matter (DN 19). This matter is ripe for determination.

FINDINGS OF FACT

On June 29, 2011, a grand jury in Warren County, Kentucky, indicted Carver on a charge of Flagrant Nonsupport in violation of KRS § 530.050 (DN 24-2 PageID # 196). On June 26, 2013, Carver appeared before the Warren Circuit Court and signed an order on plea of guilty to the charge of flagrant nonsupport, and in exchange, the Commonwealth agreed to recommend a sentence of two years in prison (DN 24-2 PageID # 197-199). Additionally, under the terms of the plea agreement, the Commonwealth agreed it was not opposed to Carver being placed on probation (Id.). The order was entered on June 27, 2013 (Id.).

On June 27, 2013, the Warren Circuit Court entered its judgment and sentence on plea of guilty against Carver in case number 11-CR-000483 (DN 24-2 PageID # 200-202). In the judgment, the Warren Circuit Court adjudged Carver guilty of flagrant nonsupport and sentenced him to two years in prison for the conviction with a sentence probated for a period of five years (Id.). Carver did not pursue a direct appeal of his conviction or sentence, and the judgment became final on July 28, 2013.

On April 29, 2014, the Commonwealth of Kentucky filed a motion to revoke Carver's probation in the Warren Circuit Court case number 11-CR-000483, and the court issued a bench warrant for Carver on May 13, 2014 (DN 24 PageID # 198). The Warren County Sheriff's Department executed the bench warrant on April 15, 2015 (Id.). On May 4, 2015, the Warren Circuit Court conducted a hearing on the motion to revoke Carver's probation (DN 24 PageID # 203). On May 6, 2015, the Warren Circuit Court entered an order granting the motion to revoke Carver's probation and imposed the two-year sentence (Id.). On June 7, 2015, the order became final because Carver did file an appeal.

On June 13, 2015, Carver filed a motion for shock probation (DN 24-2 PageID # 204). The Warren Circuit Court denied Carver's motion in an order entered July 14, 2015 (Id.).

On September 21, 2015, Carver filed his habeas petition in this Court (DN 1). In an order entered October 26, 2015, the District Judge directed Carver to refile his petition and clearly state the conviction he was challenging (DN 7). On November 19, 2015, Carver filed an amended petition (DN 10). In the amended petition, Carver identifies case number 11-CR-00483 and indicates he is challenging the sentence imposed on May 6, 2015 (DN 10 PageID # 106). Carver indicates he was convicted of flagrant nonsupport on June 27, 2013, and received a "sentence of 2 years with 5 years unsupervised probation" (Id.). Carver's amended petition sets forth three Grounds for relief (Id.). All three Grounds challenge the judgment of conviction entered on June 27, 2013 (Id.). Thus, Carver's amended petition does not challenge the order entered on May 6, 2015, that revoked his probation and imposed the two-year sentence (Id.). Yet Carver relies on the order entered on May 6, 2015, to assert his petition is timely filed (DN 10 PageID # 118).

CONCLUSIONS OF LAW

A

Since Carver filed his petition for writ of habeas corpus on September 21, 2015, (DN 1) review is governed by Chapter 153 of the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L.No. 104-132, 110 Stat. 1214 (1996) ("AEDPA"). Lindh v. Murphy, 521 U.S. 320, 336 (1997). Under AEDPA there is a one-year statute of limitations that applies to a petition for writ of habeas corpus filed by a state prisoner. 28 U.S.C. § 2244(d)(1). The statute of limitations reads as follows:

> (1) A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A) The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) The date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;
>
> (C) The date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) The date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Under 28 U.S.C. § 2244(d)(1)(A), the one-year statute of limitations for challenging a judgment imposing probation begins to run when the judgment imposing probation becomes final. *See* Boyce v. Metrish, No. 04-60137, 2006 WL 2594977, at *2 (E.D. Mich. Sept. 8, 2006); Williams v. Vasbinder, No. 05-73471-DT, 2006 WL 2123908, at *2 (E.D. Mich. July 27, 2006); Caldwell v. Dretke, 429 F.3d 521, 530 (5th Cir. 2005). By contrast, claims relating to the probation revocation order begin to run when the order revoking probation became final. *See* Boyce, 2006 WL 2594977, at *2; Williams, 2006 WL 2123908, at *2; Davis v. Purkett, 296 F.Supp.2d 1027, 1029-30 (E.D. Mo. 2003).

Here, Carver did not seek a direct appeal of the judgment entered on June 27, 2013, which found him guilty of flagrant nonsupport and sentenced him to two years in prison with the sentence probated for a period of five years. This means the judgment became final on July 28, 2013. Ky.

R. Crim. P. 12.04(3) (a notice of appeal must be filed no later than 30 days "after the date of entry of the judgment or order from which it is taken"). This also means, as to any constitutional challenges Carver might have wanted to raise regarding that judgment, his one-year period of limitation under § 2244(d)(1)(A) expired on July 28, 2014.

As previously mentioned, the amended petition raises three challenges to the judgment entered on June 27, 2013. Specifically, Carver claims his flagrant nonsupport conviction should be vacated and the probated two year sentence should be set aside because of (1) ineffective assistance of counsel; (2) prosecutorial misconduct; and (3) judicial misconduct (DN 10 PageID # 110-114). However, Carver filed his petition in this Court on September 21, 2015 (DN 1). This means Carver filed the petition in this Court almost fifteen months after the statute of limitations expired on July 28, 2014. Therefore, Carver's original and amended petitions are time barred.

The order entered May 6, 2015, revoked Carver's probation and imposed the two-year sentence that had been probated in the original judgment. The order became final on June 7, 2015 because Carver did not seek a direct appeal. Ky. R. Crim. P. 12.04(3) (a notice of appeal must be filed no later than 30 days "after the date of entry of the judgment or order from which it is taken"). The one-year period of limitations that applies to the May 6, 2015 order expired on June 7, 2016. However, this period of limitations does not apply here because Carver is not challenging the order entered on May 6, 2015. Furthermore, he cannot use this period of limitations to end run the already expired period of limitations that applies to the original judgment.

5

In <u>Slack v. McDaniel</u>, the Supreme Court established a two-pronged test that is used to determine whether a Certificate of Appealability should issue on a habeas claim denied on procedural grounds. 529 U.S. 473, 484-485 (2000). To satisfy the first prong of the <u>Slack</u> test, Carver must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." <u>Id.</u> at 484. To satisfy the second prong, Carver must show that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling."[1] <u>Id.</u> Notably, the Court need not conduct the two-pronged inquiry in the order identified or even address both parts if Carver makes an insufficient showing on one part.[2] <u>Id.</u> at 485. For example, if the Court determines Carver failed to satisfy the procedural prong then it need not determine whether the constitutional prong is satisfied. <u>Id.</u>

Here, a plain procedural bar is present. Therefore, a reasonable jurist would not find it debatable whether it is appropriate to deny the claim on this procedural basis. As a result, the undersigned does not recommend issuance of a Certificate of Appealability.

---

1 "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).

2 "Each component of the § 2253(c) showing is part of a threshold inquiry, and a Court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue of whose answer is more apparent from the record and arguments." <u>Slack</u>, 529 U.S. at 485.

RECOMMENDATION

For the foregoing reasons, it is recommended that Carver's § 2254 petitions (DN 1, 10) be DENIED as time barred, and that a Certificate of Appealability be DENIED.

NOTICE

Under the provisions of 28 U.S.C. §§ 636(b)(1)(B) and (C) and Fed.R.Civ.P. 72(b)(1), the undersigned magistrate judge files these findings and recommendations with the Court and a copy shall forthwith be electronically transmitted or mailed to all parties. Within fourteen (14) days after being served with a copy, any party may serve and file written objections to such findings and recommendations as provided by the Court. 28 U.S.C. § 636(b)(1)(C); Fed.R.Civ.P. 72(b)(2) If a party has objections, such objections must be timely filed or further appeal is waived. Thomas v. Arn, 728 F.2d 813 (6th Cir.), aff'd, U.S. 140 (1984).

Copies:	Roy Anderson Carver, Jr., *pro se*
	Counsel of Record