UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:15-CV-00113-GNS

ROY ANDERSON CARVER, JR.                                          PETITIONER

v.

JACKIE T. STRODE,
WARREN COUNTY JAILER                                              RESPONDENT

## MEMORANDUM OPINION AND ORDER

The Court considers Magistrate Judge Brennenstuhl's Findings of Fact, Conclusions of Law, and Recommendation (DN 31) as to the Petition for a Writ of Habeas Corpus (DN 1) pursuant to 28 U.S.C. § 2254, and Petitioner's Objection (DN 33). For the following reasons, Magistrate Judge Brennenstuhl's Report and Recommendation is **ADOPTED** and Carver's Objection is **OVERRULED**.

### I.     BACKGROUND

On June 29, 2011 a grand jury in Warren County, Kentucky, indicted Petitioner Roy Anderson Carver, Jr. ("Carver") on a charge of flagrant nonsupport in violation of KRS § 530.050. (Resp.'s Mot. to Dismiss Ex. 2, at 1, DN 24-2 [hereinafter State Ct. R.]). On June 26, 2013, Carver pleaded guilty to the charge of flagrant nonsupport and the Commonwealth of Kentucky ("Commonwealth") recommended a sentence of two years in prison and specified that "[t]he Commonwealth [was] not opposed to probation." (State Ct. R. 2-4). On June 27, 2013, the Warren Circuit Court entered its judgment on a plea of guilty by Carver in case number 11-CR-000483 and sentenced Carver to two years in prison with the sentence probated for a period of

five years. (State Ct. R. 5-7). Carver did not pursue a direct appeal of his conviction or sentence. On May 6, 2015, upon a motion by the Commonwealth, the Warren Circuit Court entered an order revoking Carter's probation in case number 11-CR-000483. (State Ct. R. 8). On June 13, 2015, Carver filed a motion for shock probation, which the Warren Circuit Court denied by order entered July 14, 2015. (State Ct. R. 9).

On September 21, 2015, Carver filed his habeas petition in this Court. On October 26, 2015, the Court directed Carver to refile his petition and clearly state which conviction he was challenging. (Pet. for a Writ of Habeas Corpus, DN 1 [hereinafter Pet.]; Order Instructing Pet'r to Am. Pet., DN 7). In Carver's amended petition filed November 19, 2015, Carver identified case number 11-CR-00483 and indicated he was challenging the sentence that was imposed on May 6, 2015. (Pet'r's Am. Habeas Corpus Pet. 1, DN 10 [hereinafter Pet'r's Am. Pet.]). Carver also stated that he was convicted of flagrant nonsupport, the crime for which he is now imprisoned, on June 27, 2013. The Amended Petition sets forth three grounds for relief from the June 2013 conviction, but does not challenge the order entered on May 6, 2015, revoking his probation. (Pet'r's Am. Pet. 13). Carver relies on the order entered on May 6, 2015, however, to assert his petition is timely filed. (Pet'r's Am. Pet. 13).

The Magistrate Judge has filed his R&R recommending that Carver's amended habeas corpus petition be denied, and Carver has filed his objection thereto. (Findings of Fact, Conclusions of Law and Recommendation, DN 31 [hereinafter "R&R"]); Pet'r's Obj. to R. & R.; Pet'r's Mem. Supp. of Pet'r's Obj., DN 35 [hereinafter Pet'r's Mem.]). This matter is thus ripe for adjudication.

## II. JURISDICTION

This Court has jurisdiction to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court" pursuant to 28 U.S.C. § 2254(a).

## III. STANDARD OF REVIEW

In general, this Court conducts a *de novo* review of the portions of a United States magistrate judge's report and recommendation to which a party objects. *See* 28 U.S.C. § 636(b)(1). In conducting its review, this Court "may accept, reject, or modify, in whole or in part, the findings or recommendations [of] . . . the magistrate judge." *Id.*

The Anti-Terrorism and Effective Death Penalty Act, Pub L. No. 104-132, 110 Stat. 1214 (1996) ("AEDPA"), applies to all habeas corpus petitions filed after April 24, 1996, and requires "heightened respect" for legal and factual determinations made by state courts. *See Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). Section 2254(d), as amended by AEDPA, provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). As the Supreme Court has noted, this is a "difficult to meet and highly deferential standard . . . ." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (internal quotation marks omitted) (internal citation omitted) (citation omitted). All findings of fact by the state court are presumed to be correct and can be rebutted only by "clear and convincing evidence." *Mitchell v. Mason*, 325 F.3d 732, 737-38 (6th Cir. 2003) (citing 28 U.S.C. § 2254(e)(1)). Legal

3

conclusions made by state courts are also given substantial deference under AEDPA. *Stewart v. Wolfenbarger*, 468 F.3d 338, 346 (6th Cir. 2006). The Supreme Court has recently reiterated that "a federal habeas court may overturn a state court's application of federal law only if it is so erroneous that there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents." *Nevada v. Jackson*, 133 S. Ct. 1990, 1992 (2013) (per curiam) (internal quotation marks omitted) (quoting *Harrington v. Richter*, 562 U.S. 86, 102 (2011)).

### IV.   DISCUSSION

Carver raised three pertinent objections to the R&R.[1] The grounds for Carver's objections are: (i) the Court should properly exercise subject matter jurisdiction; (ii) the Court should apply equitable tolling to the statute of limitations; and (iii) the R&R erred in not granting a certificate of appealability.

#### A.   Subject Matter Jurisdiction

Carver argues that the R&R "erred in subject matter jurisdiction pursuant to 28 U.S.C § 1343(a)(3) and [sic] 28 U.S.C. § 1331 and 28 U.S.C § 1367 . . . arising from trial proceedings to enforce KRS 550.050 [sic]." (Pet'r's Obj. 2). Carver further complaints that "the court itself failed to address subject matter jurisdiction in it's [sic] obligation to affirm jurisdiction exist in this particular matter under the federal statutes cited by petitioner." (Pet'r's Mem. 3). While the Court does agree that subject matter jurisdiction is proper in this matter pursuant to 28 U.S.C. § 2254, the Court finds below that the statute of limitations has expired. Thus, Carver's first objection is overruled.

---

[1] Actually, five objections are filed. Carver's other two objections and his arguments in his memorandum in support of his objections, contain conclusory statements regarding the merits of Carver's argument that are not at issue in the R&R, as the R&R's recommendation of dismissal is based purely on procedural grounds. Thus, those objections will not be discussed.

### B. Statute of Limitations and Equitable Tolling

"A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The one-year statute of limitations for challenging a judgment that imposes probation begins to run when the judgment imposing probation becomes final. *See Boyce v. Metrish*, No. 04-60137, 2006 WL 2594977, at *2 (E.D. Mich. Sept. 8, 2006). This statute of limitations is subject to equitable tolling "in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010) (citations omitted). "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 649 (internal quotation marks omitted) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Carver did not seek direct appeal of the judgment and sentence on his guilty plea entered on June 27, 2013. Thus, the case was final 30 days after that date and the statute of limitations to file a writ of habeas corpus on this conviction expired one year later on July 28, 2014. Ky. R. Crim. P. 12.04(3) (a notice of appeal must be filed no later than "thirty (30) days after the date of entry of the judgment or order from which it is taken . . . ."). Carver filed the Petition in this Court on September 21, 2015, almost fourteen months after the statute of limitations expired. (Pet.) *See* 28 U.S.C. § 2244(d)(1). Carver does not contest the Magistrate's finding that the statute of limitations bars his claim; instead Carver argues that the statute of limitations should be equitably tolled and asserts he has "good reason for filing late . . . ." (Pet'r's Mem. 4). Further, in Carver's Motion to Vacate, he avers that tolling should be applied because of his ignorance of the law and the "extraordinary circumstances from the ineffective assistance of counsel." (Pet'r's Mot. to Vacate, 5, DN 26-1).

5

Carver neither makes any effort to show that he has been diligently pursuing his rights nor does he—except in conclusory fashion—identify any extraordinary circumstances which prevented his timely filing. Furthermore, the fact that Carver was ignorant of the statute of limitations is no excuse. *Griffin v. Rogers*, 399 F.3d 626, 637 (6th Cir. 2005) (explaining that ignorance of the law alone does not warrant equitable tolling). Under these circumstances, the Court cannot find that equitable tolling applies to relieve Carver from filing his amended motion within the applicable statute of limitations.

C.  **Certificate of Appealability**

The Magistrate Judge recommended that a certificate of appealability not be issued. Absent such a certificate, Carver may not appeal this Court's decision to the Sixth Circuit. *See* 28 U.S.C. § 2253(c)(1)(A). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). The Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000), established a two-prong test that is used to determine when a certificate of appealability should be issued when a writ of habeas corpus is denied on procedural grounds. *Id.* at 484-85. To satisfy the test, the petitioner must show that: (1) "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right"; and (2) "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484.

Here, Carver cannot satisfy the procedural prong of the *Slack v. McDaniel* test. *See Slack*, 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."). The statute of limitations has clearly expired in this matter and therefore, a plain

6

procedural bar is present. A reasonable jurist would not find debatable the propriety of denying the claim on this procedural basis. Accordingly, the Court concludes that no certificate of appealability should issue.

### V. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** as follows:

1. Petitioner's Objections to the Magistrate Judge's Findings of Fact, Conclusions of Law, and Recommendation (DN 33) are **OVERRULED**;

2. The Magistrate Judge's Findings of Fact, Conclusions of Law and Recommendation (DN 31) are **ADOPTED** as and for the opinion of this Court;

3. Petitioner's Petition for Habeas Relief (DN 1) is **DISMISSED** as untimely;

4. The issuance of a certificate of appealability pursuant to 28 U.S.C. § 2253(c) and Fed. R. App. P. 22(b) is **DENIED**.

5. Respondent's Motion to Dismiss (DN 24) is **DENIED** as moot.

6. Petitioner's Motion for Summary Judgment or in the alternative, Motion to Vacate Sentence and Conviction (DN 26) is **DENIED** as moot.

7. Petitioner's Motion for Order to Show Cause for Preliminary Injunction (DN 34) is **DENIED** as moot.

**Greg N. Stivers, Judge**
**United States District Court**
November 29, 2016

cc: counsel of record
Petitioner, *pro se*

7